## ANDREW T. HAWLEY

### v.

## MARION T. KETTLEWELL, ADMINISTRATOR.

*Administration.*

Upon a claim filed against the estate of a deceased person, it being contended that an amount named was due upon a sale of certain real estate, from claimant to deceased in his lifetime, the fact being that all the notes given in connection with such transaction were returned to their maker, and a release of the trust deed they were given to secure duly executed, this court declines, in view of the evidence, no question of law being involved, to interfere with the judgment for the defendant.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

In 1874, Andrew T. Hawley, the appellant, sold to John Kettlewell, whose estate is the appellee herein, a tract of land in Madison County, Illinois, and took in payment therefor four notes of $1,000 each, secured by a deed of trust on the land sold. As is shown by the evidence, and from the notes themselves, Kettlewell made payments on the said notes from time to time. In 1886, the trustee in the said trust deed and plaintiff made a release deed to said John

Kettlewell, releasing the tract of land embraced in the trust deed from the lien of said incumbrance, and the plaintiff also then delivered the four notes to Kettlewell. What passed between the parties to this transaction at that time is not known.

Kettlewell died in 1890, and Marion T. Kettlewell, his son, was appointed the administrator of his estate by the County Court of Madison County. The plaintiff filed his claim against the said estate, stating there was due to him a balance of $191.28, after allowing the credit of $100 paid to him by Kettlewell on November 17, 1889. The trial before a jury in the County Court resulted in a verdict for the estate. The case was appealed to the Circuit Court where the claim was disallowed by the jury, and the plaintiff has brought the case to this court, and asks for a reversal of the judgment of the court below.

The plaintiff contends that when, in 1886, after the said John Kettlewell had been paying on the notes for twelve years, two years after the last one became due, that he, the said plaintiff, agreed to release the land and give Kettlewell his notes, and to allow Kettlewell to pay the small balance due at his own convenience, and that in 1887, a year after the notes were given up, Kettlewell had figured up the exact amount due. In support of this contention the plaintiff proved, on the trial by Jonathan Quarton, who is a justice of the peace, and who knew Kettlewell and had done business for him, that the decedent, Kettlewell, came to him in the latter part of 1887, and stated that he, Kettlewell, wanted to make a settlement with Mr. Hawley; that it was on some notes, and he did not know how much was due to Hawley. Kettlewell was unable to read or write and the witness testified that he agreed to compute the amount due for him. Kettlewell left a memorandum of the original amount and the payments he had made with the witness, and stated that it was a correct memorandum, and thereupon the witness figured up what was due, finding that it was $296.99, and he so reported to Kettlewell, who said that it was satisfactory to him but did not say he was going to pay the amount. The amount was computed to November 17, 1887.

The plaintiff also proved by A. T. Hawley, Jr., that the decedent, Kettlewell, came to his father's house in November, 1889, and paid some interest, and also $100; that he knows that Kettlewell owed his father a balance from what his father told him, and knows that the said $100 was paid on it. In corroboration of the statement of this witness, there was introduced in evidence a certificate of deposit of the Alton National Bank, of date October 1, 1888, which he thinks Kettlewell gave to him as the $100 payment made at this time. The plaintiff also sought to show by the witness Dexter Ferguson, that he, too, had computed the amount due in November, 1887, but the court ruled out the testimony on the ground that the computation was not made from the notes or from memoranda furnished by the decedent, of which ruling no complaint is made in the argument. The estate rested its defense on the possession of the notes and release deed, which were allowed in evidence, and on the testimony of one S. Midgley, who swore that the plaintiff told him in 1889 that Kettlewell did not now owe him (the plaintiff) one cent. The plaintiff, who was a competent witness for that purpose, denied that he had made any such statement to Midgley.

Mr. H. S. Baker, Jr., for appellant.

While the law presumes payment of a note found in the possession of the maker, yet if facts and circumstances are shown in evidence inconsistent with the hypothesis of payment that presumption is rebutted. Sutphen v. Cushman, 35 Ill. 186, see p. 201; Zimpleman v. Veeder, 98 Ill. 613.

Mr. John J. Brenholt, for appellee.

The fact that a due bill is found in the hands of the maker is *prima facie* evidence of its payment, and the payee suing on the same, is required to overcome the presumption by a preponderance of evidence before he can recover. In a suit to recover an alleged indebtedness, the plaintiff must prove the defendant owes him, by a preponderance of evidence. Tedens v. Schumers, 112 Ill. 263.

Finding a note in deceased mortgagor's papers, to secure which he had previously given a chattel mortgage, creates the presumption either that the note had never been delivered or that it had been paid and taken up. Bullock v. Narrott, 49 Ill. 62.

Mr. Justice Sample. The case is quite peculiar in this, that Hawley should not only release the trust deed securing the notes, but also deliver up the notes to Kettlewell and at the same time expect him to pay a balance due thereon at his convenience. There is no evidence in this record that at the time of the surrender of the notes, Kettlewell agreed to pay Hawley any balance. In fact, there is no evidence of an agreement to pay Hawley any money after the surrender of the notes. This question was propounded to Quarton: "Did Mr. Kettlewell ever say anything to you about paying anything to Mr. Hawley?" A. "I don't know whether he did or not."

When it is claimed Kettlewell paid some money and delivered a certificate of deposit for $100 to Hawley, Jr., in November, 1889, he did not say what it was for, or that he would pay any more money. What Hawley, Jr., said on that subject, were his own conclusions or statements, made on information derived from his father.

While the appellant doubtless honestly believes that he has a legal and just claim against the estate of Kettlewell, yet under the evidence in this record, showing the voluntary surrender of the notes, under no claimed misapprehension or mistake, we do not believe another jury will look with any degree of favor on the presentation of the claim for a balance due on such notes, after his old friend and neighbor had died. Two juries and courts have passed upon the facts in this case; they were brought face to face with the witnesses. It was for the jury to say whom they would believe, and as the question involved was wholly one of fact we are not disposed, especially in view of the peculiarity of this claim, to disturb the verdict or the judgment of the court below thereon. We have examined the in-

struction offered on behalf of the plaintiff and refused by the court, of which refusal complaint is made in the argument.

The instruction refused was in substance given in another instruction.   There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*